IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINIQUA HOLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 3965 |
| | ) |
| PRENTICE MAJOR, JR. et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant Defendants' motion to dismiss.

## BACKGROUND

Plaintiff Dominiqua Holman ("Holman") alleges that Defendant Prentice Major, Jr. ("Major") was an employee of Defendant United States Postal Service ("USPS"). Holman alleges that in June 1998, Major was driving an USPS truck that collided with Holman while she was riding on her bicycle. According to Holman, in March of 2001, she presented an administrative claim to USPS which was denied and after which Holman filed the instant action in the Circuit Court of Cook County,

1

Illinois. Following the certification by the United States Attorney General's designee that Major was acting within the scope of his employment as a federal government employee at the time of the incident out of which this claim arose, United States substituted itself as party defendant in place of Major and it removed the action to federal court. Holman brought the instant action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 *et seq.* alleging negligence claims against Defendants.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff."). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter

2

jurisdiction, the movant may use affidavits and other material to support the motion." *Id.* For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

Defendants have moved to dismiss the action based on the failure by Holman to name the correct Defendant for a FTCA claim. In addition, Defendants have moved to dismiss the entire action based upon the statute of limitations. On July 13, 2005, we set a briefing schedule for Defendants' motion to dismiss and we gave Holman until August 17, 2005, to file an answer to Defendants' motion to dismiss. Holman never filed an answer to the motion and has thus not provided any response to Defendants' arguments.

I. Propriety of Defendants

United States argues that the USPS and Major is not a proper Defendant in cases arising under the FTCA, and requests to have the USPS dismissed as a party

Defendant. A plaintiff seeking to bring a FTCA claim against a federal agency must name the United States as the defendant rather than the federal agency, and the sole remedy under the FTCA is against the United States rather than its agencies or their employees. 28 U.S.C. § 2679; *Russ v. U.S.*, 62 F.3d 201, 203 n.1 (7th Cir. 1995)(stating that the FTCA "provisions ensure that, absent explicit authorization to the contrary, FTCA claims are brought against the United States and not against the agencies and their employees."); *Hughes v. U.S.*, 701 F.2d 56, 58 (7th Cir.1982)(stating that "[u]nder the Federal Tort Claims Act, a governmental agency cannot be sued in its own name; the action must be brought against the United States") *Schlesner v. U.S.*, 246 F.Supp.2d 1036, 1041 (E.D.Wis. 2003). In the present case, Plaintiff sues USPS for negligence of its employee who, at the time of the alleged accident, was acting within the scope of his employment. The USPS is a corporation owned by the United States, *U. S. Postal Service v. Council of Greenburgh Civic Associations*, 453 U.S. 114, 122 (1981), and is an agency of the United States for purposes of the FTCA. *See Crawford v. U.S.*, 796 F.2d 924, 926 (7th Cir. 1986) (acknowledging that USPS is a federal agency); *Miller v. U.S.*, 741 F.2d 148, 150 (7th Cir. 1984)(acknowledging that USPS is a federal agency). Holman has not named the United States as a Defendant in the instant action and thus, cannot pursue this FTCA claim in the instant action.

II. Statute of Limitations

United States also argues that even if it were named as a Defendant in the instant action, the statute of limitations has already run in the case at hand, and it moves to dismiss Holman's action as untimely. The FTCA provides the following regarding the statute of limitations period:

(a) Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401. In actions arising under the FTCA, time when a claim accrues is governed by federal law and in cases such as this where "the injury is immediate and manifest and is close in time with the alleged negligent conduct, the claim accrues instantly and it is untimely if not filed within two years of the accident." *Steele v.*

*U.S.*, 599 F.2d 823, 829 (7th Cir. 1979).

In the present case, Holman failed to meet both statute of limitations deadlines required by the FTCA. First, Holman did not file an administrative claim with the USPS within two years of the accrual of the action. The alleged accident took place in June of 1998. (Compl. Par. 1). Holman did not file the claim with the federal agency until March of 2001, nearly three years after the claim accrued. (D Mot. Ex. B 1). There is nothing in Holman's complaint that would indicate to the court that the personal injury or the damage to the bicycle was not immediate or at least close in time with the alleged incident.

Second, Holman failed to file a lawsuit within six months after receiving the letter of denial from the USPS in May 2001. (D Mot. Ex. C 1). Instead, after receiving the letter of denial of her administrative claim from the USPS, Holman waited another three years to file her complaint in court in March of 2005. In light of the above facts, Holman did not bring the instant action within the statute of limitations period. Holman has not presented any fact that would suggest that the equitable tolling doctrines would apply in the instant action. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 550-51 (7th Cir. 1990) (stating that equitable estoppel suspends the running of a statute of limitations if defendant "takes active steps to prevent plaintiff from suing in time, as by promising not to plead statue of limitations"); *Singletary v. Cont'l Ill. Nat'l Bank and Trust Co. of Chicago*, 9 F.3d 1236, 1241 (7th Cir. 1993) (stating that equitable tolling allows plaintiff to sue after

the statute of limitations has run if he can show that despite all due diligence, and through no fault on his part, he was unable to sue earlier"). Therefore, based on all of the above, we grant Defendants' motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 28, 2005